

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



MAY 1 1 2001

CLERK, U.S. DISTRICT COURT
By _____ Deputy

| | |
|---|---|
| RANDOLPH-RAND CORPORATION OF NEW YORK, § § § Plaintiff, § § -against- § § J & H TRADING CO. § and HAK SON AHN, § § Defendants. § | 01 Civ. _____ (__) 3-01CV0894-D |

**COMPLAINT FOR INJUNCTIVE RELIEF AND
DAMAGES FOR PATENT INFRINGEMENT (35 U.S.C. §§ 271 and 281)**

Plaintiff Randolph-Rand Corporation of New York ("Randolph-Rand"), by its undersigned attorneys, for its complaint alleges as follows:

### JURISDICTION AND VENUE

1. This is an action seeking injunctive relief and damages for patent infringement arising from violations of the Patent Act of the United States, more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patent, trademark and copyright).

3. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

### THE PARTIES

4. Plaintiff Randolph-Rand is and was at all relevant times a New York corporation

with a principal place of business at 176 Madison Avenue, New York, New York 10016.

5. Randolph-Rand has the sole and exclusive rights in the United States to exclude others from making, selling, offering to sell, importing and otherwise commercializing magnetic lock closures covered by U.S. Patent 4,453,294 ('294 patent) for an Engageable Article Using Permanent Magnet. A copy of the '294 patent is attached as Exhibit 1.

6. Beginning in 1988, the '294 patent was reexamined by the United States Patent and Trademark Office. On May 28, 1991, a certificate of reexamination was issued confirming claims 1-5, and claims 6 and 7 as amended. A copy of the May 28, 1991, Reexamination Certificate is attached hereto as Exhibit 2.

7. Beginning in 1995, the '294 patent was reexamined by the United States Patent and Trademark Office. On July 23, 1996, a certificate of reexamination was issued confirming claims 1-7. A copy of the July 23, 1996, Reexamination Certificate is attached hereto as Exhibit 3.

8. Randolph-Rand is, *inter alia*, a wholesale distributor of a variety of metal hardware used in the manufacture of handbags, briefcases, wallets, leather goods, and other similar goods, and is one of the largest distributors of magnetic lock closures in the United States.

9. Upon information and belief, the defendant, J & H Trading Co., ("J & H Trading") is and was at all relevant times a corporation organized and existing under the laws of the State of Texas with an office located at 11363 Denton Drive, Suite 114, Dallas, Texas, 75229, and does business within this Northern District of Texas.

10. Upon information and belief, J & H Trading is a manufacturer, and/or importer, and/or wholesale distributor, and/or retail seller of handbags and other goods bearing magnetic lock

closures.

11. Upon information and belief, the defendant Hak Son Ahn is an individual and is a principal shareholder and/or officer and/or director of defendant J & H Trading, and does business within the Northern District of Texas.

### FACTS COMMON TO ALL CAUSES OF ACTION

12. By this action the plaintiff, Randolph-Rand, seeks to enjoin the defendants from selling magnetic lock closures which infringe the '294 patent. Plaintiff seeks to obtain monetary damages for infringement of the '294 patent as well.

13. A "magnetic lock closure" is a small, two part magnetic snap-like device which is an improved alternative to traditional joining devices such as catches, snaps and hooks of the type frequently used on leather goods.

14. Most commonly, magnetic lock closures are employed to secure the closure flap on women's handbags. An illustration of a magnetic lock closure (Figures 5 and 6 of the '294 patent) is shown to the right.



FIG. 5

FIG. 6

15. The defendants have caused to be manufactured and used on handbags and other goods magnetic lock closures which infringe the claims of the '294 patent (the "Accused Closure").

16. The defendants have sold goods bearing the

infringing Accused Closure without the permission of the plaintiff.

17. Upon information and belief, the defendant Hak Son Ahn has actively and knowingly aided and abetted J & H Trading's infringement of the '294 patent and plaintiff's rights therein, and have intentionally and knowingly induced others to infringe the '294 patent and plaintiff's rights therein.

18. Upon information and belief, defendants J & H Trading and Hak Son Ahn have cooperated with and assisted each other in the infringing activities complained of herein, pursuant to legal relationships or business arrangements between them.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR PATENT INFRINGEMENT PURSUANT TO 35 U.S.C.
## §§ 271 AND 281 SEEKING INJUNCTIVE AND MONETARY RELIEF

19. Plaintiff realleges paragraphs 1 through 18, as if fully set forth herein.

20. The defendant, J & H Trading, is infringing the '294 patent by manufacturing, importing, offering for sale and by selling handbags and other goods employing the Accused Closure, which embodies the subject matter of the patented invention of the '294 patent, in the Northern District of Texas and elsewhere in the United States, in violation of the patent laws of the United States.

21. Upon information and belief, J & H Trading has had actual notice of the patent rights.

22. Despite notice of plaintiff's rights under the '294 patent, J & H Trading has continued to commit acts of infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

23. Despite notice of plaintiff's rights under the '294 patent, J & H Trading continued to actively induce infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

24. Plaintiff does not have an adequate remedy at law.

25. J & H Trading's infringement and active inducement of infringement is willful, intentional and deliberate, and has deprived plaintiff of sales and profits which lawfully belong to it and which it otherwise would have made.

26. On account of J & H Trading's activities in this State and Northern District of Texas, and throughout the United States, the plaintiff has been injured in an amount not yet ascertained, but believed to be in excess of one hundred thousand dollars ($100,000.00).

27. This is an exceptional case within the provisions of 35 U.S.C. § 285 and therefore, plaintiff is entitled to the recovery of its attorneys' fees upon prevailing in this action.

### AS AND FOR A SECOND CLAIM FOR RELIEF
### FOR PATENT INFRINGEMENT PURSUANT TO 35 U.S.C.
### §§ 271 AND 281 SEEKING INJUNCTIVE AND MONETARY RELIEF

28. Plaintiff realleges paragraphs 1 through 27, as if fully set forth herein.

29. The defendant, Hak Son Ahn, is infringing the '294 patent by manufacturing, importing, offering for sale and by selling handbags and other goods employing the Accused Closure, which embodies the subject matter of the patented invention of the '294 patent, in the Northern District of Texas and elsewhere in the United States, in violation of the patent laws of the United States.

30. Upon information and belief, Hak Son Ahn has had actual notice of the patent

rights.

31. Despite notice of plaintiff's rights under the '294 patent, Hak Son Ahn has continued to commit acts of infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

32. Despite notice of plaintiff's rights under the '294 patent, Hak Son Ahn has continued to actively induce infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

33. Plaintiff does not have an adequate remedy at law.

34. Hak Son Ahn's infringement and active inducement of infringement is willful, intentional and deliberate, and has deprived plaintiff of sales and profits which lawfully belong to it and which it otherwise would have made.

35. On account of Hac Son Ahn's activities in this State and Northern District of Texas, and throughout the United States, the plaintiff has been injured in an amount not yet ascertained, but believed to be in excess of one hundred thousand dollars ($100,000.00).

36. This is an exceptional case within the provisions of 35 U.S.C. § 285 and therefore, plaintiff is entitled to the recovery of its attorneys' fees upon prevailing in this action.

**WHEREFORE**, plaintiff demands entry of a judgment against the defendants as follows:

1. granting an injunction enjoining and restraining the defendants, their officers, directors, principals, agents, servants, employees, suppliers, successors and assigns, and all those in active concert and participation with them, from:

   a. manufacturing, producing, distributing, importing, purchasing or selling

magnetic lock closures embodying the subject matter of the invention of the '294 patent;

      b.    engaging in any other activity constituting an infringement of the '294 patent; and

      c.    assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to herein.

2.    directing defendants to account to plaintiff for actual damages suffered by plaintiff, including its lost sales, as a result of the infringement and the active inducement of infringement of the '294 patent, directing that such damages be trebled because of the willful and deliberate nature and character of the infringement, together with an assessment of interest, and awarding plaintiff judgment in that amount against the defendants;

3.    directing the defendants to account to plaintiff for defendants' unjustly received profits resulting from infringement of the '294 patent;

4.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: May \_\_11\_\_, 2001

                                      Respectfully Submitted,

                                      _____
                                      José M. Luzarraga
                                      Texas Bar No. 00791149
                                      BAKER BOTTS L.L.P.
                                      600 Trammell Crow Center
                                      2001 Ross Avenue
                                      Dallas, Texas  75201
                                      Tel: (214) 953-6500
                                      Fax: (214) 953-6503

                                      Attorneys for Plaintiff

OF COUNSEL:

Paul R. Morico
Texas Bar No. 00792053
S.D. Tex. Bar No. 19167
BAKER BOTTS L.L.P.
One Shell Plaza
910 Louisiana Street
Houston, TX 77002
Tel: (713) 229-1732
Fax: (713) 229-7732

Jeffrey A. Schwab (JS 9592)
Michael Aschen (MA 6336)
Anthony J. DiFilippi (AD 7870)
ABELMAN, FRAYNE & SCHWAB
150 East 42nd Street
New York, NY 10017
Tel: (212) 949-9022
Fax: (212) 682-6499

DAL01 603754 1