ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUN - 8 2001
CLERK, U.S. DISTRICT COURT
By_____ Deputy

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDOLPH-RAND CORPORATION OF NEW YORK, | § § § | |
| Plaintiff | § § | |
| v. | § § | CIVIL ACTION NO. 3-01CV-0894-D |
| | § § | |
| J&H TRADING CO. and HAK SON AHN, | § § § | |
| Defendants | § | |

## DEFENDANTS J&H TRADING CO., and HAK SON AHN'S ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR PATENT INFRINGEMENT

TO THE HONORABLE COURT:

J&H TRADING CO., and HAK SON AHN ("Defendants") answer the Complaint of the Plaintiff, Randolph-Rand Corporation of New York ("Plaintiff") as follows.

In answering, Defendants re-cite the Plaintiff's allegations, followed by Defendants' answers. Defendants then plead their affirmative defenses and other defensive matters.

### JURISDICTION AND VENUE

1. This is an action seeking injunctive relief and damages for patent infringement arising from violations of the Patent Act of the United States, more particularly 35 U.S.C. §§ 271 and 281.

**ANSWER:**

Defendants admit that Plaintiff is seeking injunctive relief and damages for patent infringement. Defendants deny any patent infringement arising from violations of the Patent Act of the United States, more particularly 35 U.S.C. §§ 271 and 281.

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (patent, trademark and copyright).

**ANSWER:**

Defendants admit the allegations in paragraph 2 of the Complaint.

3. Venue is proper in the Northern District of Texas, Dallas Division, pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**ANSWER:**

Defendants admit the allegations in paragraph 3 of the Complaint.

### THE PARTIES

4. Plaintiff Randolph-Rand is and was at all relevant times a New York corporation with a principal place of business at 176 Madison Avenue, New York, New York 10016.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and, on that basis, deny each and every allegation contained therein.

5. Randolph-Rand has the sole and exclusive rights in the United States to exclude others from making, selling, offering to sell, importing and otherwise commercializing magnetic lock

closures covered by U.S. patent 4,453,294 ('294 patent) for an Engageable Article Using Permanent Magnet. A copy of the '294 patent is attached as Exhibit 1.

**ANSWER:**

Defendants admit that Exhibit 1 appears to be a copy of U.S. Patent No. 4,453,294. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 5 of the Complaint and therefore, they are denied.

6. Beginning in 1988, the '294 patent was reexamined by the United States Patent and Trademark Office. On May 28, 1991, a certificate of reexamination was issued confirming claims 1-5, and claims 6 and 7 as amended. A copy of the May 28, 1991 Reexamination Certificate is attached hereto as Exhibit 2.

**ANSWER:**

Defendants admit that Exhibit 2 appears to be a copy of the May 28, 1991 Reexamination Certificate. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 6 of the Complaint and therefore, they are denied.

7. Beginning in 1995, the '294 patent was reexamined by the United States Patent and Trademark Office. On July 23, 1996, a certificate of reexamination was issued confirming claims 1-7. A copy of the July 23, 1996, Reexamination Certificate is attached hereto as Exhibit 3.

**ANSWER:**

Defendants admit that Exhibit 3 appears to be a copy of the July 23, 1996 Reexamination Certificate. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 7 of the Complaint and therefore, they are denied.

8. Randolph-Rand is, *inter alia*, a wholesale distributor of a variety of metal hardware used in the manufacture of handbags, briefcases, wallets, leather goods, and other similar goods, and is one of the largest distributors of magnetic lock closures in the United States.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, on that basis, deny each and every allegation contained therein.

9. Upon information and belief, the defendant, J&H Trading Co., ("J&H Trading") is and was at all relevant times a corporation organized and existing under the laws of the State of Texas with an office located at 11363 Denton Drive, Suite 114, Dallas, Texas 75229, and does business within this Northern District of Texas.

**ANSWER:**

Defendants admit the allegations in paragraph 9 of the Complaint.

10. Upon information and belief, J&H Trading is a manufacturer, and/or importer, and/or wholesale distributor, and/or retail seller of handbags and other goods bearing magnetic lock closures.

**ANSWER:**

Defendants deny that J&H Trading is a manufacturer and/or importer and/or wholesale distributor and/or retail seller of handbags and other goods bearing magnetic lock closures. Defendants admit that J&H Trading is a wholesale distributor and/or retail seller of handbags and other goods.

11. Upon information and belief, the defendant Hak San Ahn is an individual and is a principal shareholder and/or officer and/or director of defendant J&H Trading, and does business within the Northern District of Texas.

**ANSWER:**

Defendants admit that Hak San Ahn is an individual and is a principal shareholder and/or officer and/or director of defendant J&H Trading. Defendants deny that Hak Son Ahn does business within the Northern District of Texas.

### FACTS COMMON TO ALL CAUSES OF ACTION

12. By this action the plaintiff, Randolph-Rand, seeks to enjoin the defendants from selling magnetic lock closures which infringe the '294 patent. Plaintiff seeks to obtain monetary damages for infringement of the '294 patent as well.

**ANSWER:**

Defendants admit that Plaintiff's Complaint seeks to enjoin defendants from selling magnetic lock closures and seeks to obtain monetary damages. Except as so admitted, Defendants deny each and every allegation contained in paragraph 12 of the Complaint.

13. A "magnetic lock closure" is a small, two part magnetic snap-like device which is an improved alternative to traditional joining devices such as catches, snaps and hooks of the type frequently used on leather goods.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint and, on that basis, deny each and every allegation contained therein.

14. Most commonly, magnetic lock closures are employed to secure the closure flap on women's handbags. An illustration of a magnetic lock closure (Figures 5 and 6 of the '294 patent) is shown to the right.

**ANSWER:**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in the first sentence in paragraph 14 of the Complaint. Defendants admit that the illustration to the right of paragraph 14 of the Complaint appears to be a copy of Figures 5 and 6 of the '294 patent illustrating a magnetic lock closure. Except as so admitted, Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

15. The defendants have caused to be manufactured and used on handbags and other goods magnetic lock closures which infringe the claims of the '294 patent (the "Accused Closure").

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 15 of the Complaint.

16. The defendants have sold goods bearing the infringing Accused Closure without the permission of the plaintiff.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 16 of the Complaint.

17. Upon information and belief, the defendant Hak Son Ahn has actively and knowingly aided and abetted J&H Trading's infringement of the '294 patent and plaintiff's rights therein, and has intentionally and knowingly induced others to infringe the '294 patent and plaintiff's rights therein.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 17 of the Complaint.

18. Upon information and belief, defendants J&H Trading and Hak Son Ahn have cooperated with and assisted each other in the infringing activities complained of herein, pursuant to legal relationships or business arrangements between them.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 18 of the Complaint.

## AS AND FOR A FIRST CLAIM FOR RELIEF
## FOR PATENT INFRINGEMENT PURSUANT TO 35 U.S.C.
## §§ 271 AND 281 SEEKING INJUNCTIVE AND MONETARY RELIEF

19. Plaintiff realleges paragraphs 1 through 18, as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to paragraphs 1 through 18 of the Complaint, as if fully set forth herein.

20. The defendant, J&H Trading, is infringing the '294 patent by manufacturing, importing, offering for sale and by selling handbags and other goods employing the Accused Closure, which embodies the subject matter of the patented invention of the '294 patent, in the Northern District of Texas and elsewhere in the United States, in violation of the patent laws of the United States.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 20 of the Complaint.

21. Upon information and belief, J&H Trading has had actual notice of the patent rights.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 21 of the Complaint.

22. Despite notice of plaintiff's rights under the '294 patent, J&H Trading has continued to commit acts of infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 22 of the Complaint.

23. Despite notice of plaintiff's rights under the '294 patent, J&H Trading has continued to actively induce infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 23 of the Complaint.

24. Plaintiff does not have an adequate remedy at law.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 24 of the Complaint.

25. J&H Trading's infringement and active inducement of infringement is willful, intentional and deliberate, and has deprived plaintiff of sales and profits which lawfully belong to it and which it otherwise would have made.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 25 of the Complaint.

26. On account of J&H Trading's activities in this State and Northern District of Texas, and throughout the United States, the plaintiff has been injured in an amount not yet ascertained, but believed to be in excess of one hundred thousand dollars ($100,000.00).

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 26 of the Complaint.

27. This is an exceptional case within the provisions of 35 U.S.C. § 285 and therefore, plaintiff is entitled to the recovery of its attorneys' fees upon prevailing in this action.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 27 of the Complaint.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## FOR PATENT INFRINGEMENT PURSUANT TO 35 U.S.C.
## §§ 271 AND 281 SEEKING INJUNCTIVE AND MONETARY RELIEF

28. Plaintiff realleges paragraphs 1 through 27, as if fully set forth herein.

**ANSWER:**

Defendants reallege the answers to paragraphs 1 through 27 of the Complaint, as if fully set forth herein.

29. The defendant, Hak Son Ahn is infringing the '294 patent by manufacturing, importing, offering for sale and by selling handbags and other goods employing the Accused Closure, which embodies the subject matter of the patented invention of the '294 patent, in the Northern District of Texas and elsewhere in the United States, in violation of the patent laws of the United States.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 29 of the Complaint.

30. Upon information and belief, Hak Son Ahn has had actual notice of the patent rights.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31. Despite notice of plaintiff's rights under the '294 patent, Hak Son Ahn has continued to commit acts of infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 31 of the Complaint.

32. Despite notice of plaintiff's rights under the '294 patent, Hak Son Ahn has continued to actively induce infringement of the '294 patent within the Northern District of Texas and elsewhere in the United States and will continue to do so unless enjoined by this Court.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 32 of the Complaint.

33. Plaintiff does not have an adequate remedy at law.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

34. Hak Son Ahn's infringement and active inducement of infringement is willful, intentional and deliberate, and has deprived plaintiff of sales and profits which lawfully belong to it and which it otherwise would have made.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 34 of the Complaint.

35. On account of Hak Son Ahn's activities in this State and Northern District of Texas, and throughout the United States, the plaintiff has been injured in an amount not yet ascertained, but believed to be in excess of one hundred thousand dollars ($100,000.00).

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 35 of the Complaint.

36. This is an exceptional case within the provisions of 35 U.S.C. § 285 and therefore, plaintiff is entitled to the recovery of its attorneys' fees upon prevailing in this action.

**ANSWER:**

Defendants deny each and every allegation contained in paragraph 36 of the Complaint.

### WHEREFORE CLAUSE

Defendants deny that Plaintiff is entitled to any of the relief represented in the Wherefore Clause of the Complaint.

### AFFIRMATIVE DEFENSES

By way of affirmative defenses, Defendants alleges as follows:

37. Defendant Hak Son Ahn is not engaged in the manufacture, use or sale of any products, and is not liable in his individual capacity.

38. Upon information and belief, the '294 patent and each of the claims thereof is invalid and void because the alleged invention described in claims therein does not amount to an invention within the meaning of the patent laws, in that it is not a new and useful machine or manufacture, or any new or useful improvement thereof as required by 35 U.S.C. § 101.

39. Upon information and belief, the '294 patent and each of the claims thereof is invalid and void as failing to comply with the requirements for patentability, as set forth in 35 U.S.C. § 102.

40. Upon information and belief, the '294 patent and each of the claims thereof is invalid and void as failing to meet the requirements for patentability set forth in 35 U.S.C. § 103, in that the differences between the subject matter sought to be patented in the '294 patent and the prior art were such that the subject matter, as a whole, would have been obvious at the time the alleged invention was made to a person having ordinary skill in the art to which said subject matter pertained.

41. Upon information and belief, the '294 patent and each of the claims thereof is invalid and void for failing to meet the requirements set forth in 35 U.S.C. § 112, in that the specification (1) does not contain a written description of the alleged invention, and of the manner and process of making and using it, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most clearly connected, to make and use the same; (2) does not set forth the best mode contemplated by the alleged inventor for carrying out the alleged invention; or (3) does not conclude with one or more claims pointing out and distinctly claiming the subject matter which the alleged inventor regards as the alleged invention.

42. Upon information and belief, the '294 patent and each of the claims thereof is invalid and void for failing to meet the requirements set forth in 35 U.S.C. § 251, in that the reissue application was improperly filed and new matter was improperly introduced into the application for reissue.

43. Upon information and belief, in view of the prior art and the language of the specifications and claims of the '294 patent, and by reason of the proceedings in the U.S. Patent and Trademark Office during the execution of the applications which resulted in the patent, Plaintiff

cannot now seek for or obtain constructions for such claims sufficiently broad to cover or embrace any product manufactured, used or sold by Defendants or embodied in any product manufactured or sold by Defendants.

44. Upon information and belief, the '294 patent is unenforceable because Plaintiff has misused said patent.

45. Upon information and belief, the '294 patent and the individual claims therein are void or unenforceable by reason of Plaintiff's inequitable conduct before the U.S. Patent and Trademark Office in obtaining the '294 patent, as well as predecessor patent and related applications in violation of the duty of disclosure in the presentation and prosecution of the application for such patent, in the United States Patent and Trademark Office 37 C.F.R. § 1.56.

46. Defendants have not infringed, induced infringement, nor contributed to the infringement of any legal or valid claims of the '294 patent, additionally, products used or sold by Defendant's do not infringe any valid claim of the '294 Patent.

47. Plaintiff is estopped from maintaining its claims for infringement by virtue of the knowledge of which Plaintiff had or reasonably could have had regarding the activities of Defendants, and due to Plaintiff's misleading conduct that led Defendants to reasonably believe and/or infer that Plaintiff did not intend to enforce the '294 Patent against Defendants. Because of Defendants' reliance, Defendants will be materially prejudiced if Plaintiff is allowed to proceed with its claim.

48. Plaintiff is barred by laches from maintaining its claims for infringement in failing to prosecute the same within a reasonable time after Plaintiff knew or should have known of all the facts and of all the acts of Defendants alleged in Plaintiff's Complaint. Defendant J&H Trading Co.

has engaged in the sale of its products for longer than six years and, upon information and belief, Plaintiff has been aware of that activity for longer than six years.

49.   Upon information and belief, Plaintiff is barred from maintaining its claims for damages due to infringement in that it failed to mark its products pursuant to 35 U.S.C. § 287, and Defendants did not have actual notice of the '294 Patent.

50.   Plaintiff is not entitled to any relief or recovery by reason of its coming into this Court with unclean hands in seeking to enforce a patent which it knows to be invalid, void, unenforceable, or not infringed.

51.   By virtue of an agreement, Defendants have been and are now impliedly licensed by Plaintiff to manufacture, use, distribute, and sell products which are allegedly covered by the '294 patent. By virtue of said agreement, Defendants now have a royalty-free, non-exclusive license from Plaintiff to manufacture, use, distribute, and sell products which are allegedly covered by the '294 patent.

52.   Should the Court find infringement on the part of either or both Defendants, any such infringement was not willful.

53.   Should the Court find infringement on the part of either or both Defendants, Plaintiff's recovery is limited to the most recent six years pursuant to 35 U.S.C. § 286.

54.   Defendants are without sufficient information to form a belief with respect to the existence or non-existence of other facts or acts which constitute a defense under Title 35 of the United States Code to Plaintiff's charge of infringement, and deny each and every allegation contained in the Complaint not expressly admitted. Defendants accordingly give notice that they will hereafter assert any facts or acts which are made a defense by Title 35, United States Code, the rules

of practice in patent cases, 37 C.F.R., or applicable case law insofar as such facts are developed through investigation or discovery.

## COUNTERCLAIM

This counterclaim is brought by Defendants/Counter-Plaintiffs J&H Trading Co. and Hak Son Ahn ("Counter-Plaintiffs") against Plaintiff/Counter-Defendant Randolph-Rand Corporation of New York ("Counter-Defendant") pursuant to 28 U.S.C. § 2201 as a declaratory judgment counterclaim.

1. By virtue of the action filed by Counter-Defendant against Counter-Plaintiffs, charging Counter-Plaintiffs with infringement of U.S. Patent No. 4,453,294 (the '294 patent), Civil Action No. 3-01CV-0907G, there is an actual case or controversy between Counter-Plaintiffs and Counter-Defendant in relation to the '294 patent.

2. The jurisdiction of this Court arises under the Federal Declaratory Judgment Act, Title 28, United States Code, §§ 2201 and 2202, and under the laws of the United States concerning actions relating to patents, Title 28, United States Code, § 1331 and 1338(a), and 35 U.S.C. § 101, et seq.

3. Upon information and belief, the '294 patent issued on June 12, 1984, entitled "Engageable Article Using Permanent Magnet" was issued in the name of Tamao Morita as the inventor and owner of record.

4. Counter-Defendant claims ownership of the '294 patent, and has charged Counter-Plaintiffs with infringement of the '294 patent thereby submitting to the jurisdiction of this Court.

5. Counter-Plaintiffs have not infringed, either directly, contributorily, or by way of inducement, any of the legal and valid claims of the '294 patent.

6. There is a substantial and continuing justiciable controversy between Counter-Plaintiffs and Counter-Defendant concerning Counter-Defendant's right to threaten or maintain suit for infringement of the '294 patent due to one or more of: whether an implied license exists between Counter-Plaintiffs and Counter-Defendant, whether the '294 patent is valid and enforceable, and whether any products or actions of Counter-Plaintiffs, infringe any claim of the '294 patent.

7. By virtue of an agreement, Counter-Plaintiffs have been and are now impliedly licensed by Counter-Defendant to manufacture, use, distribute, and sell products which are allegedly covered by the '294 patent. By virtue of said agreement, Counter-Plaintiffs now have a royalty-free, non-exclusive license from Counter-Defendant to manufacture, use, distribute, and sell products which are allegedly covered by the '294 patent.

8. During the prosecution of the '294 patent, including its predecessor patent and applications, the patent applicant, and those substantially involved in the prosecution, withheld material information from and made material misrepresentations to the Patent Examiner(s) in relation to the prior art known to the patent applicant, including but not limited to, the characteristics of prior art and the applicant's non-disclosed testing of such prior art. Such information known to the patent applicant, and those substantially involved in the prosecution of the '294 patent, and its predecessor patent and applications, was material information within the meaning of 37 CFR § 1.56 (1977, 1982, 1983, 1985, 1988) and 37 C.F.R. § 1.56 (1992). The failure to disclose such information and the misrepresentations made to the Patent Examiner(s) concerning the state of the prior art render the '294 patent and all claims thereof unenforceable for inequitable conduct.

9. Counter-Plaintiffs allege, upon information and belief, that the '294 Patent is not infringed and is invalid, void and unenforceable for the following reasons, among other reasons:

  A. The invention claimed in the '294 patent does not constitute patentable subject matter under 35 U.S.C. § 101.

  B. The invention claimed in the '294 patent is unpatentable under 35 U.S.C. § 102.

  C. The invention claimed in the '294 patent is unpatentable under 35 U.S.C. § 103.

  D. The invention claimed in the '294 patent is unpatentable under 35 U.S.C. § 112.

  E. The invention claimed in the "294 patent is unenforceable based on failure to comply with the requirements of 35 U.S.C. § 251.

  F. The invention claimed in the '294 patent is unenforceable based on inequitable conduct in violation of the duty of candor under 35 C.F.R. § 1.56 and applicable case law.

10. A decree by this Court with respect to the issues of implied license, infringement, validity, and enforceability of the '294 patent, as between Counter-Plaintiffs and Counter-Defendant, is reasonably calculated to prevent needless litigation in other jurisdictions between Counter-Defendant and Counter-Plaintiffs.

WHEREFORE, Counter-Plaintiffs J&H Trading Co. and Hak Son Ahn respectfully request that this Court:

  A. Dismiss Counter-Defendant's original Complaint with prejudice.

B. Enter a declaratory judgment, adjudging and declaring that Counter-Plaintiffs have a royalty-free, non-exclusive license from Counter-Defendant to manufacture, use, distribute, and sell products which are allegedly covered by the '294 patent.

C. Enter a declaratory judgment, adjudging and declaring that each of the claims of the '294 patent is invalid, void and unenforceable, and not infringed by Counter-Plaintiffs' products or variations thereof, or by any actions of Counter-Plaintiffs.

D. Enter a declaratory judgment adjudging and declaring that Counter-Plaintiffs have not infringed, induced infringement, nor contributed to infringement of the '294 patent.

E. Award Counter-Plaintiffs their costs and disbursements incurred in connection with the institution and prosecution of this civil action, including prejudgment interest thereon.

F. Declare that this case is an exceptional case within the meaning of 35 U.S.C. § 285, and award to Counter-Plaintiffs their reasonable attorneys' fees.

G. Award Counter-Plaintiffs post-judgment interest thereon.

H. Award to Counter-Plaintiffs such other and further relief as may be deemed proper by this Court.

WHEREFORE, PREMISES CONSIDERED, Defendants/Counter-Plaintiffs pray that Plaintiff/Counter-Defendant's claims be dismissed with prejudice and that a take nothing judgment be entered in favor of Defendants/Counter-Plaintiffs, that Defendants/Counter-Plaintiffs be awarded their costs and that Defendants/Counter-Plaintiffs be awarded such other and further relief as to which they may be justly entitled.

Respectfully submitted,

_____
James M. McCown
State Bar No. 00788002
Collin L. Hayes
State Bar No. 00795096
JACKSON WALKER L.L.P.
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 953-6000
Telecopier: (214) 953-5822

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served certified mail, return receipt requested, on this the 8th day of June, 2001, upon the following counsel of record:

Jose M. Luzarraga
Baker Botts L.L.P.
600 Trammell Crow Center
2001 Ross Avenue
Dallas, Texas 75201

                                                      Collin L. Hayes